UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CATHERINE NOBACH And SANDI SANCHEZ<br>Plaintiffs<br><br>v.<br><br>AUTO OWNERS INSURANCE COMPANY<br>Defendant | Case No.: 13:<br><br>HON.<br><br>**VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT 29 U.S.C. § 2612(a)(1) and 2615(a)(1)**<br><br>**Plaintiffs demand a jury** |

Joni M. Fixel (P56712)
Fixel Law Offices, PLLC
Attorney for Plaintiffs
4084 Okemos Road, Ste B
Okemos, MI  48864
(517) 332-3390
jfixel@fixellawoffices.com

# COMPLAINT

NOW COMES the Plaintiffs, CATHERINE NOBACH and SANDI SANCHEZ, by and through their attorneys, Fixel Law Offices, PLLC for its Complaint against the Defendant, AUTO OWNERS INSURANCE, states as follows:

### JURISDICTION

1. This is an action brought for Defendants' violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. 2601 et seq.

1

2. This court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Plaintiff, Catherine Nobach, is a citizen of the United States and the State of Michigan and resides in Charlotte, Michigan.

4. Plaintiff, Sandi Sanchez, is a citizen of the United States and the State of Michigan and resides in Dewitt, Michigan.

5. Defendant, Auto Owners Insurance, is an Insurance company incorporated and licensed in the State of Michigan.

6. Plaintiffs were employed by Defendants for at least 12 months prior to the events at issue and worked at least 1,250 hours of service for Defendants during the 12 months preceding their leave requests. As such, Plaintiffs are considered *eligible employees* as defined pursuant to 29 U.S.C. §2611(2).

7. Defendants employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the previous calendar year and is an *employer* as defined pursuant to 29 U.S.C. §2611 (4).

8. The events giving rise to this cause of action occurred in Lansing Michigan within the Western District of Michigan.

## BACKGROUND FACTS

Plaintiff reaffirms and re-alleges paragraphs 1-8 as if restated herein.

### Plaintiff Nobach

9. Plaintiff Nobach became employed by Defendant in the Billing Account Service Department on or about July 11, 1994.

10. Plaintiff Nobach was aware of the process of applying for and certifying an FMLA request with Defendant.

2

11. Plaintiff Nobach did avail herself of the FMLA and applied for FMLA in 2008, 2009 and 2010.

12. Plaintiff Nobach had made the Defendant's Human Resource department aware of the multiple chronic medical problems that she had which required intermittent FMLA leave.

13. Despite having Intermittent FMLA certified by her medical doctors and approved by Defendants, Plaintiff Nobach's absences were not accounted for correctly.

14. By not accounting for the FMLA intermittent time off correctly, Defendants subjected Plaintiff Nobach to unapproved absences.

15. By the fall of 2010, Plaintiff Nobach had received several disciplinary warnings for missing work with unapproved absences.

16. In one of the disciplinary warnings, Plaintiff Nobach was accused by her supervisor, James Jerzak, that *"...Unfortunately, you have not shown an **inclination** to remedy the situation and your attendance continues to fall significantly below our expectations."*

17. Plaintiff Nobach would clearly follow Defendant's policy of calling in to alert the employee in charge of payroll that an absence was FMLA time off but her timesheets would reflect unexcused absences.

18. On or about October 12, 2010, Defendant fired Plaintiff Nobach for absenteeism despite her protesting that many of her absences were covered by the FMLA.

**Plaintiff Sanchez**

19. On or about October 1, 2007, Plaintiff Sanchez was hired by Defendant to work in the Billing Account Service Department.

20. She continues to work in the Billing Account Service Department for Defendants.

21. Plaintiff Sanchez was aware of the process of applying for and certifying an FMLA request with Defendant.

22. Plaintiff Sanchez did avail herself of the FMLA and applied for FMLA for both family needs and personal medical needs from 2009 through 2012.

23. Plaintiff Sanchez has made the Defendant's Human Resource department aware of the chronic medical problems that she had which required intermittent FMLA leave.

24. Despite having Intermittent FMLA certified by her medical doctors and approved by Defendants, Plaintiff Sanchez's absences were not accounted for correctly.

25. By not accounting for the FMLA intermittent time off correctly, Defendants subjected Plaintiff Sanchez to unapproved absences.

26. By the fall of 2013, Plaintiff Sanchez had received several disciplinary warnings for missing work with unapproved absences.

27. Since 2011, when Plaintiff Sanchez would challenge the improper absences, she was subjected to hostility from her supervisor, James Jerzak.

28. Each time that Plaintiff Sanchez would have a meeting to challenge the faulty FMLA timekeeping, she would later be called into her supervisor's office where he would belittle her, call her names and threaten her job if she were to report him.

29. Plaintiff Sanchez did report her supervisor's hostility to Defendant's HR department employees where it was ignored.

30. To date, Plaintiff Sanchez is still subjected to the same improper treatment from her supervisor despite her multiple attempts to bring it to light with the Defendants HR department.

31. Plaintiff Sanchez was never subjected to this treatment until she began to complain about the way that the Defendants were handling and improperly accounting for her FMLA time off.

32. Defendants improper timekeeping has placed Plaintiff Sanchez in a disciplinary status that prohibits her from moving to another department because of her absenteeism and comments on her annual reviews.

33. Defendants continue to interfere and retaliate against Plaintiff Sanchez because of her need to take intermittent FMLA time off.

## COUNT I –
## INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT

Plaintiff reaffirms and re-alleges paragraphs 1-33 as if restated herein.

34. Plaintiffs Nobach and Sanchez provision of a series of doctors notes to Defendants and oral communications regarding her medical problems were sufficient to put Defendants on notice that his request for medical leave was covered under the FMLA in accordance with 29 C.F.R. §825.003.

35. The Plaintiff each had approved FMLA time off certified by the Defendants.

36. Defendants are obligated to account for the time correctly when it was communicated that the time off was an FMLA absence.

37. Plaintiffs were entitled to 12 weeks of unpaid leave of absence pursuant to the Family and Medical Leave Act.

38. Defendants' termination of the Plaintiff Nobach for absenteeism when her days were covered by FMLA and Defendants' failure to reinstate Plaintiff Nobach to her former position interfered with Plaintiff Nobach's rights under the FMLA.

39. Defendants interference with Plaintiff Sanchez's FMLA rights occurred each and every time that they charged her with an absence instead of an FMLA intermittent time off.

WHEREFORE, the Plaintiffs, Catherine Nobach and Sandi Sanchez, respectfully request this Court to enter a judgment in their favor and against Defendants as follows:

1.) Compensatory damages in whatever amount he is found to be entitled;

2.) Interest on the compensatory damages;

3.) Liquidated damages equal to the amount of compensatory damages plus the interest on those damages;

4.) Costs, reasonable attorney's fees and expert witness fees;

5.) Whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II– FMLA RETALIATION

Plaintiff reaffirms and re-alleges paragraphs 1-39 as if restated herein.

40. Plaintiff Nobach was engaged in statutorily protected activity when she requested FMLA time off and when she tried to assert her rights under the FMLA.

6

40. Plaintiff Nobach suffered a material adverse employment action when she was disciplined and later terminated based upon her exercise of this statutorily protected activity.

41. The discipline and termination of the Plaintiff Nobach was causally related to Plaintiff's protected activity based on the timing and meetings that were scheduled immediately after asserting her rights.

42. Plaintiff Nobach has sustained damages as a result of Defendants' FMLA violations.

43. Plaintiff Sanchez was engaged in statutorily protected activity when she requested FMLA time off and when she tried to assert her rights under the FMLA.

44. Plaintiff Sanchez suffered a material adverse employment action when she was harassed, belittled and disciplined based upon her exercise of this statutorily protected activity.

45. The discipline of the Plaintiff Sanchez was causally related to Plaintiff's protected activity based on the timing and meetings that were scheduled immediately after asserting her rights.

46. Plaintiff has sustained damages as a result of Defendants' FMLA violations.

WHEREFORE, the Plaintiffs, Catherine Nobach and Sandi Sanchez, respectfully request this Court to enter a judgment in their favor and against Defendants as follows:

    1.)    Compensatory damages in whatever amount he is found to be entitled;

    2.)    Interest on the compensatory damages;

3.)   Liquidated damages equal to the amount of compensatory damages plus the interest on those damages;

4.)   Costs, reasonable attorney's fees and expert witness fees;

5.)   Whatever other equitable relief appears appropriate at the time of final judgment.

Dated:  October 11, 2013                    FIXEL LAW OFFICES, PLLC

/s/ _____
Joni M. Fixel (P56712)
Fixel Law Offices, PLLC
Attorney for Plaintiffs
4084 Okemos Road, Ste B
Okemos, MI  48864
(517) 332-3390
jfixel@fixellawoffices.com